FILED

JAMES J. VILT, JR. - CLERK

OCT 02 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CRIMINAL NO. 3:24-CR-00131-DJH

**LARRY SINGLETON**                                                        DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States

of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky,

and defendant, **LARRY SINGLETON**, and his attorney, Hon. Catherine Kamenish, have agreed

upon the following:

1.      Defendant acknowledges that he has been charged in the Superseding Indictment

with the following: **Count 1**, violation of Title 21, U.S.C. § 841, relating to on or about June 6,

2024, his distribution of a mixture and substance containing metonitazene; **Count 2**, violation of

Title 21, U.S.C. § 841, relating to on or about June 13, 2024, his distribution of a mixture and

substance containing heroin and metonitazene; **Count 3**, violation of Title 21, U.S.C. § 841,

relating to on or about June 20, 2024, his distribution of a mixture and substance containing heroin,

metonitazene, and fentanyl; **Count 4**, violation of Title 18 U.S.C. § 924(c), relating to on or about

June 20, 2024, his possession of a firearm during and in relation to a drug trafficking; and **Count**

**5**, violation of Title 18 U.S.C. § 922(g), relating to on or about June 20, 2024, his possession of a

firearm affecting interstate commerce with knowledge he had previously been convicted of a

felony crime.

2.      Defendant has read the charge against him contained in the Superseding Indictment, and that charge has been fully explained to him by his attorneys. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to all of the counts of the Superseding Indictment. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Count 1**:

On June 6, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LARRY SINGLETON**, knowingly and intentionally distributed a mixture and substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene", a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

**Count 2**:

On June 13, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LARRY SINGLETON**, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin and N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene", both Schedule I controlled substances, as defined in Title 21, United States Code, Section 812.

**Count 3**:

On June 20, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LARRY SINGLETON**, knowingly and intentionally distributed a mixture and substance containing a detectable amount of heroin and N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene", both Schedule I controlled substances, as defined in Title 21, United States Code, Section 812 and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl", a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

**Count 4**:

On June 20, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LARRY SINGLETON**, did knowingly possess a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in the United States.

**Count 5**:

On or about June 20, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **LARRY SINGLETON**, knowingly possessed, in and affecting commerce, a firearm, that is, a Ruger, model SR9, 9-millimeter pistol, bearing serial number 330-38661; and ammunition; with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

2

On or about March 15, 2019, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 18-CR-1013, **LARRY SINGLETON**, was convicted of Convicted Felon in Possession of a Handgun;

On or about February 2, 2007, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 06-CR-3686, **LARRY SINGLETON**, was convicted of Trafficking in a Controlled Substance in the First Degree, First Offense, Cocaine;

On or about February 2, 2007, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 06-CR-2783, **LARRY SINGLETON**, was convicted of Trafficking in a Controlled Substance in the First Degree, First Offense, Cocaine (two counts); and

On or about November 7, 2006, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 05-CR-2598, **LARRY SINGLETON**, was convicted of Possession of a Controlled Substance in the First Degree, Cocaine (two counts).

4.     Defendant understands that the charge to which he will plead guilty carries the following penalty: **Counts 1-3**, not more than twenty (20) years imprisonment, a fine up to $1,000,000, and no less than three (3) years' supervised release up to a term of Life (each count); **Count 4**, a mandatory minimum of not less than five (5) years imprisonment, a maximum of up to Life imprisonment, consecutive to any other sentence, a fine up to $250,000, and not more than three (3) years' supervised release; **Count 5**, not more than fifteen (15) years imprisonment, a fine up to $250,000, and not more than three (3) years' supervised release; **Total**, a mandatory minimum of five (5) years imprisonment, maximum of up to 80 years imprisonment, a fine up to $3,500,000, and no less than three (3) years' supervised release up to a term of Life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes admitted to in this plea agreement.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after

4

hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in her own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.    **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.    Defendant understands that the United States will inform the court that <u>no restitution</u> is owed.  The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

5

10.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11.    At the time of sentencing, the United States and the defendant agree:

-Agree that a sentence of imprisonment at the lowest end of the applicable advisory guideline is the appropriate disposition of this case;

-Agree a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;

-Agree to a term of not less than three (3) years' supervised release;

-Agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine; and

-Agree to forfeiture as outlined in paragraph 14 below.

12.    Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

A.    The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

B.    The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty

solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.    Defendant agrees to the following waivers of appellate and post-conviction rights:

A.  The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B.  The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C.  The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under proposed amended USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14.    Defendant agrees to the forfeiture of any interest he or his nominees may have in the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes contained within this Superseding Indictment, including, but not limited to: a Ruger, model SR9, 9-millimeter pistol, bearing serial number 330-38661; and ammunition.

15.    Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that

items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.    Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.    It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

22.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____          10-2-2025
Mac Shannon                                                              Date
Assistant United States Attorney

9

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_Larry Singleton_    _10 2 2025_
Larry Singleton                 Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_Catherine Kamenish_    _10-2-26_
Catherine Kamenish              Date
Counsel for Defendant

10